UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
HAMMOND DIVISION

| | |
|---|---|
| ELIZABETH A. ALLEN<br>GENE C. MARTIN and<br>DAVID G. MELTON,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT INC.,<br>and HARRAH'S OPERATING COMPANY<br>INC., d/b/a HARRAH'S EAST CHICAGO<br>CASINO & HOTEL d/b/a/ SHOWBOAT<br>MARINA CASINO PARTNERSHIP<br><br>    Defendants. | Cause No.:<br><br>2:04CV128 |

**COMPLAINT**

**COUNT I**

Come now the Plaintiffs, Elizabeth A. Allen, Gene C. Martin and David G. Melton, by counsel, and for their cause of action against the Defendants, states:

1. This action arises under the Act of June 25, 1938, c 676 §1, 52 Stat. 1060, as amended U.S.C. Title 29 §§ 201-219, Fair Labor Standards Act of 1938, as hereinafter appears more fully and shall be known as the "Act".

2. Plaintiffs were or are employees as defined by the "Act."

3. Defendants are employers as defined by the "Act."

1

4.     Plaintiffs, former employees of Defendants, bring this action on behalf of themselves and other former and current employees of Defendants similarly situated, to recover overtime compensation, unpaid paid time-off, liquidated damages, and attorney's fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. Section 216(b), of the "Act."

5.     Jurisdiction of the action is conferred on this Court by Section 16(b) of the Act (29 U.S.C. Section 216(b)), and by the provisions of 28 U.S.C. Section 1337, relating to any civil action and proceeding arising under an Act of Congress regulating commerce.

6.     Defendants are corporations or partnerships organized and existing under the laws of the state of Delaware, having principle offices and places of business located in East Chicago, Indiana, and within the territorial jurisdiction with the Court, and, at all times mentioned, employed Plaintiffs and other former and current employees similarly situated at the East Chicago, Indiana location.

7.     At all times mentioned in this Complaint, Defendants were engaged in the business of legalized gambling; in connection with such business, Defendants engaged in interstate commerce by drawing patrons from outside the state of Indiana, purchasing gambling equipment and other gambling paraphernalia from outside the state of Indiana, and conducting other such activities outside the state of Indiana.

8.     During the past three (3) years and up to the present time, or during portions of that period, Defendants employed Plaintiffs and other similarly situated current and former employees as table game supervisors in connection with the business of Defendants.

9. A substantial portion of the business produced by Plaintiffs and other similarly situated was done for profit and for interstate commerce, or was done with the knowledge and intention on the part of the Defendants that such business involving interstate commerce would take place.

10. In performing the operations described, Plaintiffs and other similarly situated were engaged in commerce or the business of commerce within the meaning of the "Act."

11. During the past three (3) years to the present time, Defendants employed Plaintiffs and others similarly situated in commerce, for many work weeks longer than forty (40) hours and knowingly and willfully failed and refused to compensate Plaintiffs and others similarly situated for such work in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act, (29 U.S.C. Section 207(a)).

12. The approximate sums due each of the Plaintiffs for such overtime compensation are not yet known and information as to the amounts due are within the exclusive custody and control of the Defendants.

13. In addition, Plaintiffs allege that there are due and owing to other former and current employees of Defendants similarly situated, for overtime compensation, an amount not yet known and the information to the amount that is due, is within the exclusive custody and control of the Defendants.

14. During the past three (3) years, and specifically since November 28, 2003, Defendants willfully failed to remit to Plaintiffs and other former and current employees similarly situated, overtime pay according to the provisions of the above stated "Act".

15. On or about November 28, 2003, Defendants eliminated accrued compensation time from the Plaintiffs and other former and current employees similarly situated.

16. At various times, Defendants forced Plaintiffs, and other former and current employees similarly situated, to attend meetings or "buzz sessions" before or after their scheduled shifts, complete paperwork during times outside their scheduled shifts, and attend other meetings several times a year outside their scheduled shifts and/or on their days off, all of which relate to and are apart of the principle activity the Defendants employed the Plaintiffs to perform.

17. Defendants willfully and knowingly failed to compensate Plaintiffs and other former and current employees similarly situated at rates not less than one and one-half times the regular rates at which they were employed, for the time spent at these meetings or completing paperwork although this added work and meetings routinely involved the Plaintiffs and other former and current employees similarly situated, working more than 40 hours per week contrary to the provisions of Section 7(a) of the Act, (29 U.S.C. Section 207(a)) and in violation of the law known as the Portal to Portal Act.

18. Plaintiffs and other former and current employees similarly situated, have not accumulated paid time off for the overtime hours worked during the past two years.

19. Plaintiffs also seek liquidated damages in the fullest amount allowed by the "Act", specifically, 29 U.S.C. Section 216(b).

20. By reason of Defendants refusal to pay the unpaid overtime due to Plaintiffs, it has been necessary for Plaintiffs to employ attorneys to prosecute this cause for them, and Plaintiffs hereby request reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs request:

1) Judgment against Defendants in the amounts respectfully due Plaintiffs and other current and former employees of Defendants similarly situated for overtime compensation, liquidated damages, and reasonable attorney's fees and costs, according to proof;

2) That these sums be awarded according to the provisions of the Fair Labor Standards Act of 1938 as amended and specifically 29 U.S.C. Section 216(b) of the Act;

3) For all other further just and proper relief in the premises.

MICHAEL P. MASSUCCI, Attorney for Plaintiffs
Atty No.: **24057-45**

### COUNT II

Come now the Plaintiffs, Elizabeth A. Allen, Gene C. Martin and David G. Melton, by counsel, and for Count II of their action against the Defendants, state:

1-21. Plaintiffs hereby incorporate paragraphs 1-20 of Count I of their complaint as paragraph 21 of Count II of their complaint.

22. Prior to November 28, 2003, Defendants promised Plaintiffs, and other former and current employees similarly situated, compensation time or days off, for working overtime.

5

23. Plaintiffs, and other former and current employees similarly situated, accrued compensation time for consistently working weeks of more than forty (40) hours.

24. Without warning or notice, on or about November 28, 2003, Defendants eliminated the practice of awarding compensation time for overtime worked.

25. Without warning or notice, on or about November 28, 2003, Defendants eliminated all Plaintiffs', and other former and current employees similarly situated, compensation time already accrued and thus, left them uncompensated for all overtime already worked.

26. As part of their employment, Defendants also promised Plaintiffs, and other former and current employees similarly situated, that they would accrue paid time off for every hour worked.

27. Defendants failed to compensate Plaintiffs, and other former and current employees similarly situated, with paid time off for hours worked above and beyond forty (40) hours per work week.

**WHEREFORE**, Plaintiffs and other former and current employees similarly situated pray for judgment against the Defendants in an amount that will fairly compensate them for the lost compensation time or days off, failure to receive paid time off, plus costs, interest and all other further just and proper relief in the premises.

_____
MICHAEL P. MASSUCCI, Attorney for
Plaintiffs, Atty No.: **24057-45**

LAW OFFICES OF TIMOTHY F. KELLY
  AND ASSOCIATES
202 Joliet Street, Suite 2A
Dyer, Indiana 46311
Telephone: (219) 322-0606