```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


ELIZABETH A. ALLEN, GENE C.   )
MARTIN, DAVID G. MELTON, CAROL )
MINARD, CAROL SANCHEZ, MICHELLE)
SISSAC, DEBORAH L. WAGNER, TINA)
G. WILLS, TERRENCE J. ZMUCKI,  )
JANICE MARTIN, CHARLES MARTIN, )
MARY ANN LUCAS, KURT           )
FRANCISKOVICH, LUDOVICA ALVAREZ)
LARRY DUTTON, DIANA RILEY,     )
CARLOS MADAYAG, JOANNE         )
BARANOWSKI, GUY DUFF, RUBY     )
SANDOVAL, CLIFFORD JENKINS,    )
JOHN S. PETRITES, LESLIE WAYNE )
MORRIS, TOM LAMBERT, MARVIN    )
GINSBURG, WELLINGTON OKOH, LOU )
RARICK, VICKY LOVE, GONZALEZ,  )
CHRISTINE McKINNEY, CHARLES    )
MANNING, MELISSA ZULFER and    )
MICHAEL J. SNYDER,             )
                               )
                Plaintiffs     )
                               )
           v.                  )   Case No. 2:04 cv 128
                               )
HARRAH'S ENTERTAINMENT INC.,   )
and HARRAH'S OPERATING COMPANY,)
INC., d/b/a HARRAH'S EAST      )
CHICAGO CASINO & HOTEL d/b/a   )
SHOWBOAT MARINA CASINO         )
PARTNERSHIP,                   )
                               )
                Defendants     )
```

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion to Dismiss for

Want of Prosecution and for Sanctions filed by the defendant,

Showboat Marina Casino Partnership ("Showboat"), on April 13,

2005; the Motion to Compel Production of Documents filed by

Showboat on April 19, 2005; the Second Motion to Dismiss for Want

of Prosecution and for Sanctions filed by Showboat on April 25,

2005; and the Third Motion to Dismiss for Want of Prosecution and

for Sanctions filed by Showboat on May 11, 2005.  For the reasons set forth below, the three motions to dismiss are **GRANTED IN PART** and **DENIED IN PART**.  The motion to compel is **DENIED** with respect to plaintiff Arturo Gonzalez and **GRANTED IN PART** and **DENIED IN PART** with respect to plaintiffs Larry Dutton, Gene Martin, David Melton, Cody Paredes, Deborah Wagner, Kurt Franciscovich, Carol Sanchez, Ludovica Alvarez, Charles Manning, Michael Snyder, Mary Ann Lucas, and Melissa Zulfer.

<u>Background</u>

The discovery disputes that are the subject of the pending motions to dismiss and motion to compel arise from an action brought by 35 table game supervisors against their employer, casino operator Showboat, for its alleged failure to pay overtime in violation of the Fair Labor Standards Act.  In the three motions to dismiss, Showboat seeks dismissal of seven plaintiffs for their failure to appear at their depositions and an award of fees associated with the cost of preparing and appearing at the failed depositions, or alternatively, payment of the fees asso-ciated with rescheduling the depositions.  In the motion to compel, Showboat seeks the production of a variety of work-related documents requested in written discovery prior to certain plaintiffs' depositions but not produced, despite the plaintiffs' deposition testimony that they possessed these documents at home.

2

<u>Discussion</u>

### I.  Motions to Dismiss

Federal Rule of Civil Procedure 37 states that if a party fails to appear for his deposition, the court may dismiss that party from the suit.  *See* Rule 37(d).  Dismissal under Rule 37 is a "harsh remedy" which requires "both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault."  ***Allen v. Interstate Brands***, 186 F.R.D. 512, 514 (S.D. Ind. 1999) (*citing* ***Ladien v. Astrachan***, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997)).  *See also* ***Maynard v. Nygren***, 332 F.3d 462, 467-68 (7th Cir. 2003).  The decision to dismiss a party is within the sound discretion of the court.  ***Jiricko v. Illinois Anesthesia, Ltd.***, Nos. 92-2613, 92-2682, 1993 WL 326697, at *3 (7th Cir. Oct. 5, 1993).  Absent a clear record of bad conduct, "the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting interests of justice."  ***Schilling v. Walworth County Park & Planning Commission***, 805 F.2d 272, 275 (7th Cir. 1986).  As an alternative to dismissal, Rule 37 states that the court may "require the party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award unjust."  Rule 37(d).

Until the present dispute, this case has not required significant court intervention in the discovery process.  In

3

addition, the seven plaintiffs whom Showboat seeks to dismiss
have participated in other forms of discovery, including several
sets of interrogatories, requests to admit, and requests for
documents.  Finally, this court has not warned these plaintiffs
that despite their participation in the suit, failure to appear
for their depositions may result in dismissal.  Given these
circumstances, dismissal would be unduly harsh.

Nevertheless, the unjustified failure to appear at a duly
noticed deposition warrants sanctions.  The plaintiffs claim, and
Showboat does not dispute, that Showboat unilaterally scheduled
the plaintiffs' depositions and that several depositions were
rescheduled to better accommodate defense counsel.  However, the
plaintiffs do not dispute that they agreed to all the chosen
dates.  Nor did they file a motion for protective order to block
any depositions on inconvenient dates.  Furthermore, plaintiffs
Lou Rarick, Tom Lambert, Leslie Wayne Morris, Diana Riley, and
Clifford Jenkins had provided no explanation as to why they did
not appear.  Plaintiffs Carlos Madayag and Vicky Love have
provided the excuses of inability to arrange child care and to
drive, respectively, after each failed to appear.  Madayag and
Love have not explained why these excuses could not be known at
least 24 hours in advance, particularly Love's inability to
drive.  For these reasons, the court finds that the seven plain-
tiffs should pay the court reporter fees associated with the
failed depositions.  Also, the plaintiffs are warned that failure

4

to appear for their rescheduled depositions shall result in
dismissal from this suit.

## II.  Motion to Compel

Rule 37 states that the court may compel the disclosure of
relevant information not produced pursuant to Federal Rule of
Civil Procedure 34 and may award other sanctions, including
reasonable attorney fees, against the noncompliant party.  *See*
Rule 37(a)(2)(B).  As with the sanction of dismissal, the court
has discretion to determine the appropriate resolution to the
discovery dispute underlying a motion to compel.  *See Jiricko*,
1993 WL 326697, at *3; *Patterson v. Coca-Cola Bottling Company*,
852 F.2d 280, 284 (7th Cir. 1988).

In this instance, there appears to be some confusion as to
(1) the scope of documents requested by Showboat and (2) the
existence of documents beyond those that have been produced.
With respect to the scope, the parties dispute whether the
discovery requests propounded by Showboat included drafts of
dealer Personal Appraisal Forms ("PAFs").  Showboat argues that
Interrogatory 11, which requested "[e]very document which relates
to Plaintiff's employment . . . including without limitation:
. . . (3) job duties or expectations; (4) performance evaluations
and/or ratings . . ." clearly includes PAFs.  The plaintiffs
argue that this Interrogatory does not include draft PAFs which
"are rough drafts of appraisals of dealers, not parties to the
lawsuit, and are not, in particular, appraisals of the plaintiffs
themselves."  (Pl. Resp. to Mot. to Compel, p. 3) While the court

5

agrees that an Interrogatory directed at documents related to the
plaintiffs' employment does not clearly extend to documents
prepared by the plaintiffs regarding the performance of other
employees, this argument is beside the point.  Showboat has
clarified that it has sought these draft PAFs on numerous occa-
sions, and the plaintiffs have neither provided support for their
contention that the drafts pertain to other employees nor moved
to block their production.  (Mot. to Compel Exhs. D, I, J; Pl.
Resp. to Mot. to Compel, p. 3) However, the court cannot order
the draft PAFs compelled if they do not exist.

Showboat argues that 13 plaintiffs testified in their
depositions that they possess additional documents pertaining to
their employment such as draft PAFs, job resumes, pay stubs, a
three-ring binder with work-related observations, and estimations
of compensation owed, which these plaintiffs have not produced.
The plaintiffs do not dispute that many of these documents, if
they exist, are highly relevant to the plaintiffs' claim that
Showboat failed to pay overtime compensation.  Rather, the
plaintiffs' counsel characterizes the plaintiffs' deposition
testimony as tentative; according to plaintiffs' counsel, "some
plaintiffs testified that they might have additional documents."
(Pl. Resp. to Mot. to Compel, p. 3) Plaintiffs' counsel then
provided an affidavit that he has produced everything the plain-
tiffs have provided.  *See* Affidavit of Lynn Shively.

While plaintiffs' counsel may have produced all documents in
his possession, counsel's characterization of the plaintiffs'

testimony is inaccurate.  A review of the plaintiffs' deposition testimony reveals that 12 of the 13 plaintiffs at issue affirmatively stated that they had not produced documents in their possession that were relevant to this case.  (Mot. to Compel Exhs. G, I-R) The deposition testimony of the remaining plaintiff, Arturo Gonzalez, dealt only with email messages already in Showboat's possession and did not support Showboat's contention that he has a computer disk of draft dealer PAFs.  (*Compare* Mot. to Compel p. 5 *with* Dep. of Arturo Gonzalez, pp. 30-33) Accordingly, the court must deny Showboat's motion to compel in its entirety with respect to Gonzalez.  However, in order to resolve the ambiguity created by the inconsistent statements of the plaintiffs and their counsel, each of the other individual plaintiffs shall either provide the requested documents within the time set forth below or submit a separate supplemental affidavit stating that the documents do not exist and explaining why each testified otherwise.

Finally, Showboat requests an order compelling the 13 plaintiffs to re-appear for their depositions and bear the costs associated with the motion to compel and any resumed depositions. Because such an order would be premature in light of the circumstances, this portion of the defendant's motion is denied.

_____

For the foregoing reasons, these motions are **GRANTED IN PART** and **DENIED IN PART**:

7

1. The Motion to dismiss for Want of Prosecution and for Sanctions filed by the defendant, Showboat Marina Casino Partnership, on April 13, 2005 [DE #61];

2. The Second Motion to Dismiss for Want of Prosecution and for Sanctions filed by Showboat on April 25, 2005 [DE #65];

3. And the Third Motion to Dismiss for Want of Prosecution and for Sanctions filed by Showboat on May 11, 2005 [DE#68].

The defendant, Showboat, is **ORDERED** to file an affidavit detailing the court reporter fees and the attorney fees incurred attending the failed depositions of plaintiffs Lou Rarick, Tom Lambert, Leslie Wayne Morris, Diana Riley, Clifford Jenkins, Carlos Madayag and Vicky Love within 10 days of this Order. These plaintiffs are **ORDERED** to appear for a deposition within 30 days of this Order.  These plaintiffs are further **WARNED** that failure to appear will result in dismissal.

The Motion to Compel Production of Documents filed by Showboat on April 19, 2005 [DE#63] is **DENIED** with respect to plaintiff Arturo Gonzalez and **GRANTED IN PART** and **DENIED IN PART** with respect to plaintiffs Larry Dutton, Gene Martin, David Melton, Cody Paredes, Deborah Wagner, Kurt Franciscovich, Carol Sanchez, Ludovica Alvarez, Charles Manning, Michael Snyder, Mary Ann Lucas, and Melissa Zulfer.  Each of these individual plaintiffs are **ORDERED** to produce the documents requested by the defendant, or alternatively, file a separate supplemental affidavit stating that the documents do not exist and explaining why each testified otherwise within 30 days of this Order.

8

ENTERED this 20th day of July, 2005

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge