UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ELIZABETH A. ALLEN, GENE C.      )
MARTIN, DAVID G. MELTON, CAROL   )
MINARD, CAROL SANCHEZ, MICHELLE  )
SISSAC, DEBORAH L. WAGNER, TINA  )
G. WILLS, TERRENCE J. ZMUCKI,    )
JANICE MARTIN, CHARLES MARTIN,   )
MARY ANN LUCAS, KURT             )
FRANCISKOVICH, LUDOVICA ALVAREZ  )
LARRY DUTTON, DIANA RILEY,       )
CARLOS MADAYAG, JOANNE           )
BARANOWSKI, GUY DUFF, RUBY       )
SANDOVAL, CLIFFORD JENKINS,      )
JOHN S. PETRITES, LESLIE WAYNE   )
MORRIS, TOM LAMBERT, MARVIN      )
GINSBURG, WELLINGTON OKOH, LOU   )
RARICK, VICKY LOVE, GONZALEZ,    )
CHRISTINE McKINNEY, CHARLES      )
MANNING, MELISSA ZULFER and      )
MICHAEL J. SNYDER,               )
                                 )
          Plaintiffs             )
                                 )
     v.                          )   Case No. 2:04 cv 128
                                 )
HARRAH'S ENTERTAINMENT INC.,     )
and HARRAH'S OPERATING COMPANY,  )
INC., d/b/a HARRAH'S EAST        )
CHICAGO CASINO & HOTEL d/b/a     )
SHOWBOAT MARINA CASINO           )
PARTNERSHIP,                     )
                                 )
          Defendants             )

OPINION AND ORDER

This matter is before the court on the Motion for Extension of Time filed by the plaintiffs, Ruby Sandoval and Guy Duff, on October 7, 2005.  For the reasons set forth below, the motion is **DENIED,** and these plaintiffs are **DISMISSED** from this case.

Background

On March 26, 2004, Guy Duff, Ruby Sandoval, and 33 other table game supervisors sued their employer, casino operator

Showboat, for its alleged failure to pay overtime in violation of the Fair Labor Standards Act.  Nearly one year after filing suit and approximately eight months after this court established deadlines and permitted discovery to commence, Duff and Sandoval sought a protective order requiring the defendants to depose them in their home state of Washington.  On April 11, 2005, this court denied the motion and ordered the plaintiffs to appear in Indiana for their depositions.

On August 26, 2005, and after repeated failed attempts to schedule the depositions of Duff and Sandoval, this court finally ordered that the plaintiffs appear for their depositions by September 30, 2005.  Six months after this court ordered the plaintiff to appear in Indiana and seven days after the September 30 deadline, the plaintiffs filed this motion for an extension of time asking that they be granted 60 more days to be deposed because "neither Ms. Sandoval nor Mr. Duff were able to make arrangements to be in the State of Indiana before the Court's deadline."  (Pl. Mot. p. 2) In response, the defendant requests that the plaintiffs be dismissed from this case.  The plaintiffs have failed to file a reply brief.

<u>Discussion</u>

Federal Rule of Civil Procedure 37(b)(2) states that if a party fails to comply with a court's order, the court may "make such orders in regard to the failure as are just," including dismissal of the action.  When a party has failed to prosecute his case or to obey an order of the court, dismissal is appropri-

ate if there is a "clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003) (*quoting Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir. 1998)).

Plaintiffs Duff and Sandoval selected Indiana as the forum for this lawsuit. This case has been pending for 17 months with discovery ongoing for approximately 15 months. The defendants have been attempting to depose Duff and Sandoval for at least ten months, six of which the plaintiffs have known that they would be required to travel to Indiana for their depositions. Moreover, the plaintiffs have known of the court ordered deadline for their depositions for 30 days. Nevertheless, these plaintiffs now claim that all this time, they have been unable to "make arrangements" to be in Indiana.

Duff and Sandoval have a duty to prosecute their suit, which includes making themselves available for deposition. After the great length of time in which the plaintiffs have had the opportunity to schedule their depositions, the court declines to accept the plaintiffs' vague statement that they simply could not make arrangements to be deposed. The plaintiffs' unwarranted delay, combined with their failure to comply with a direct court order and subsequent untimely request for an extension of time, warrants dismissal.

_____

For the foregoing reasons, the Motion for Extension of Time filed by the plaintiffs, Ruby Sandoval and Guy Duff, on October 7, 2005 is **DENIED**.  Plaintiffs Sandoval and Duff are **DISMISSED WITH PREJUDICE.**

ENTERED this 18th day of November, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge

4